IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noemi Gastelum,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-16-00194-TUC-RCC (JMR)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R & R") prepared by Magistrate Judge Jacqueline M. Rateau. In the R & R, Magistrate Judge Rateau recommends that the Court enter an order affirming the administrative decision to deny Plaintiff's request for social security benefits. Doc. 18. Gastelum has filed an objection to the R & R. Doc. 20. Defendant has filed a response to the objection. Doc. 22. For the following reasons, the Court shall overrule the objections and accept and adopt the R & R.

**I.　Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Rateau's R & R (Doc. 18). This Court fully incorporates the "Procedural History," "Factual Background," and "The ALJ's Application of the Five-Step Evaluation Process" sections of the R & R into this Order.

## II. Standard of Review

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Under a de novo review, this Court reviews the Administration's decision to determine if the decision is free of legal error and supported by substantial evidence. *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

## III. Discussion

Plaintiff makes three arguments: (1) Magistrate Judge Rateau disregarded the clarifying testimony of the vocational-expert; (2) The ALJ's residual functional capacity assessment did not properly consider Plaintiff's fibromyalgia; and (3) The ALJ improperly weighed the November 2013 MRI results.

A. Vocational Expert Testimony

Plaintiff reasserts the claim that substantial evidence does not support the ALJ's step-five decision because the ALJ did not obtain evidence from the vocational expert that Plaintiff could perform significant numbers of jobs given the ALJ's finding. Specifically, Plaintiff argues that the vocational expert never discussed whether there were any jobs if Plaintiff was off task exactly ten percent of the time. However, the vocational expert may have testified that "more than ten percent" off task was "not going to work" but she also did not testify that ten percent would not work. Because the vocational expert found jobs in significant numbers for the ALJ's hypothetical, the ALJ's denial is supported by substantial evidence and must be upheld.

B. Gastelum's Fibromyalgia

Plaintiff claims the ALJ erroneously evaluated objective medical evidence of fibromyalgia because the ALJ did not list fibromyalgia as a disability at step 2. However, the ALJ considered the limitations arising from Plaintiff's fibromyalgia at step four. Thus, the ALJ's failure to find fibromyalgia as a severe impairment at step two was a harmless error. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding that ALJ's decision to find an impairment non-severe at step two was harmless when ALJ considered the limitations resulting from the impairment at step four).

C. MRI Results

Plaintiff claims that the ALJ's denial is not supported by substantial evidence because the ALJ relied on medical opinions that occurred prior to the November 2013 MRI. Further, Plaintiff believes, this Court should reject Magistrate Judge Rateau's recommendation because the recommendation relies, in part, on an MRI result that occurred after the ALJ denial was issued. However, both MRI results were considered by the Appeals Council. When "a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new

1 evidence is part of the administrative record, which the district court must consider in
2 determining whether the Commissioner's decision is supported by substantial evidence."
3 *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).
4 Therefore, this Court does not have to remand back to the agency because the agency
5 considered the November 2013 MRI before issuing a denial.

**IV. Conclusion**

For the foregoing reasons, this Court finds that the ALJ's decision is free of legal error and supported by substantial evidence. Thus, this Court shall overrule Plaintiff's objections and accept and adopt the R & R as to the findings of fact and conclusions of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Amy Thomas's objections are overruled. Doc. 20.

**IT IS FURTHER ORDERED** that Magistrate Judge Leslie Bowman's Report and Recommendation is **accepted and adopted**. Doc. 18.

Dated this 13th day of June, 2018.

Honorable Raner C. Collins
Chief United States District Judge